J-S32040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SOHAEL M. RASCHID | : | |
| | : | |
| Appellant | : | No. 285 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 2, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001016-2015

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED: NOVEMBER 20, 2023**

Appellant Sohael M. Raschid appeals from the judgment of sentence imposed following his convictions for rape and related offenses. Appellant challenges the discretionary aspects of his sentence. We affirm.

This Court previously summarized the underlying facts of this matter as follows:

> [Appellant] was charged [with multiple offenses] on March 22, 2015 by the Pennsylvania State Police for incidents involving four complainants (K.R., [S.M., C.N., and A.P.][fn2]) alleged to have occurred on April 25, 2014, May 10, 2014, December 17, 2014, and March 22, 2015, respectively. The charges generally involved allegations that [Appellant] administered one or more controlled substances to the victims rendering them unconscious or unable to respond, and then commit[ed] or attempt[ed] to commit sexual offenses on the victims.
>
> > [fn2] K.R. was 13 years old at the time of the assault and knew Appellant in his capacity as her gynecologist; S.M. was a former employee and girlfriend of Appellant; and C.N. and A.P. are both former patients of Appellant. [N.T.] 2/20/17 at 53; 2/21/17 at 23, 30-31; and 2/23/17 at 5-6, 212.

*Commonwealth v. Raschid*, 342 MDA 2018, 2019 WL 2645443 at *1 (Pa. Super. filed June 27, 2019) (unpublished mem.) (some citations omitted and formatting altered).

Following a multi-day trial in 2017, the jury convicted Appellant of criminal attempt – rape of a substantially impaired person (count one), rape of a substantially impaired person (count five), sexual assault (count six), involuntary deviate sexual intercourse (IDSI) – substantially impaired person (count seven), IDSI – person less than 16 years old (count eight), indecent assault – substantially impaired person (count nine), indecent assault – person less than 16 years old (count ten), three counts of unauthorized administration of intoxicant (counts two, eleven, and fourteen), and two counts each of furnishing liquor or malt or brewed beverages to a minor (counts four and twelve) and unlawful administration of a controlled substance by a practitioner (counts three and fifteen).[1]

On June 2, 2017, the trial court sentenced Appellant to an aggregate term of thirty to ninety-five years' incarceration.[2] Appellant did not file a post-

_____

[1] 18 Pa.C.S. §§ 901(a), 3121(a)(4), 3124.1, 3123(a)(4), 3123(a)(7), 3126(a)(5), 3126(a)(8), 2714, 6310.1(a), and 35 P.S. § 780-113(a)(14), respectively.

[2] Specifically, the trial court imposed consecutive terms of incarceration as follows: six and a half to twenty years for attempted rape, seven and a half to twenty years for rape, nine to thirty-six months for both counts of administration of a controlled substance by a practitioner, one to twelve months for both counts of furnishing alcohol to a minor, sixteen to eighty-four months for unauthorized administration of an intoxicant (count fourteen), and
*(Footnote Continued Next Page)*

sentence motion. On appeal, this Court affirmed Appellant's judgment of sentence.[3] *See Raschid*, 2019 WL 2645443 at *7.

On April 30, 2020, Appellant filed a timely *pro se* Post Conviction Relief Act[4] (PCRA) petition alleging that trial counsel was ineffective for failing to preserve a discretionary sentencing claim for appeal. On November 17, 2022, the PCRA court issued an order reinstating Appellant's post-sentence motion rights *nunc pro tunc* and directed Appellant to file a post-sentence motion by December 1, 2022. In accordance with the PCRA court's order, Appellant filed a post-sentence motion *nunc pro tunc* on November 30, 2022, which the PCRA court ultimately denied.

Appellant filed a timely notice of appeal[5] and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion and order

---

six and a half to twenty years for each of the two IDSI counts. *See* N.T. Sentencing Hr'g, 6/2/17, at 93-97. The trial court found that two of Appellant's convictions for unauthorized administration of intoxicant (counts two and eleven), sexual assault (count six), and indecent assault (counts nine and ten) merged with other offenses for sentencing purposes.

[3] Although Appellant raised a discretionary sentencing claim on appeal, this Court concluded that the issue was waived and did not address the merits. *See Raschid*, 2019 WL 2645443 at *6.

[4] 42 Pa.C.S. §§ 9541-9546.

[5] We note that in cases where a PCRA court reinstates a petitioner's post-sentence motion or direct appeal rights *nunc pro tunc*, the petitioner is required to comply with the timeliness requirements set forth in Pa.R.Crim.P. 720(A). *See* Pa.R.Crim.P. 720(A)(1) (setting a ten-day deadline for post-sentence motions). Further, it is well settled that the filing of untimely post-sentence motions does not toll the thirty-day period to file an appeal from the
*(Footnote Continued Next Page)*

adopting the trial court's April 11, 2018 opinion which addressed Appellant's sentencing claim. **See** PCRA Ct. Op. & Order, 3/17/23.

On appeal, Appellant raises the following issues for review:

1. The trial court abused its discretion when it sentenced Appellant to minimum sentences at the aggravated level, to be served consecutively, resulting in sentences totaling 360 to 1,140 months, ignoring the Appellant's lack of a prior record, his prior long service as a physician, the presentence investigation, and recommended sentences.

2. The trial court abuse[d] its discretion when it sentenced Appellant to an aggregate sentence of 360 to 1,140 months in a State correctional institution, which is at the top of the standard range of sentences, is a departure above what was recommended by the probation department as a result of the presentence investigation, and fails to consider the mitigating factors present in this case.

Appellant's Brief at 6 (some formatting altered).

_____

judgment of sentence. **Commonwealth v. Dreves**, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*). "Generally, an appellate court cannot extend the time for filing an appeal." **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (citations omitted). However, this Court has declined to quash otherwise untimely appeals in circumstances where "the failure to file a timely appeal [resulted from] a breakdown in the court system." **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (citation omitted). A breakdown in the court system occurs when the trial court "either failed to advise Appellant of his post-sentence and appellate rights or misadvised him." **Patterson**, 940 A.2d at 498 (citations omitted).

Here, although Appellant filed a post-sentence motion thirteen days after the PCRA court issued the order reinstating his post-sentence rights, the record confirms that the PCRA court misadvised Appellant regarding the deadline for filing a post-sentence motion. **See** PCRA Ct. Order, 11/17/22 (directing Appellant to file a post-sentence motion by December 1, 2022). Under these circumstances, we conclude that a breakdown occurred and decline to quash the appeal. **See Stansbury**, 219 A.3d at 160; **see also Patterson**, 940 A.2d at 498.

Both of Appellant's claims relate to the discretionary aspects of his sentence. Specifically, Appellant argues that although his individual sentences were within the sentencing guidelines, "[t]he imposition of consecutive sentences on the multiple charges was so manifestly excessive as to constitute an abuse of discretion." *Id.* at 14. In support, Appellant argues that the trial court ignored mitigating factors, including his "lack of a prior record, his long-standing service as a physician, [and] good reputation" and claims that the trial court disregarded both the presentence investigation (PSI) report and the sentence recommended by Appellant's probation officer. *Id.* at 17. Appellant also asserts that "the trial court failed to support its sentencing decision with adequate facts which sufficiently justify the sentence as being one that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the community, and the rehabilitation needs of [] Appellant." *Id.* at 22.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his *nunc pro tunc* post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Mulkin*, 228 A.3d 913, 916 (Pa. Super. 2020) (stating that the "imposition of [an]

aggravated-range sentence without considering mitigating factors raises [a] substantial question" (citation omitted)); *see also Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (concluding that "an allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence . . . raises a substantial question for our review" (citations omitted)). Therefore, we will review the merits of Appellant's claims.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is

informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Edwards**, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. [An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." **Commonwealth v. Brown**, 249 A.3d 1206, 1216 (Pa. Super. 2021) (citations omitted and formatting altered).

Here, the record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. **See** N.T. Sentencing Hr'g, 6/2/17, at 10, 84. At the sentencing hearing, the trial court outlined the applicable guideline ranges for each count, and indicated that it had considered the guidelines in conjunction with the need to protect the public, the gravity of the offense as it relates to the impact on the life of the victims and community, and Appellant's rehabilitative needs. **See id.** at 87-88.

The trial court also noted that it had considered the evidence presented at sentencing, including the letters included in Appellant's sentencing memorandum. **Id.** at 89. Although the trial court acknowledged that Appellant had been "a pillar, particularly in the medical community," the court explained that Appellant had "used special knowledge that he gained through

his medical training, knowledge that was imparted to him to do good and he used that knowledge to harm and to render defenseless his victims." *Id.* The trial court also emphasized that Appellant's actions had "caused an extreme erosion of trust in medical professionals by our community." *Id.* The trial court further noted that Appellant's "skill as a physician enabled [his] criminal conduct" and that he was "able to rape because [he was] a doctor." *Id.* at 92-93.

Ultimately, the trial court sentenced Appellant to an aggregate term of thirty to ninety-five years' incarceration. As noted previously, the trial court imposed consecutive terms of incarceration as follows: six and a half to twenty years for attempted rape, seven and a half to twenty years for rape, nine to thirty-six months for both counts of administration of a controlled substance by a practitioner, one to twelve months for both counts of furnishing alcohol to a minor, sixteen to eighty-four months for unauthorized administration of an intoxicant, and six and a half to twenty years for each of the two IDSI counts.[6] *Id.* at 93-97.

In its Rule 1925(a) opinion, the trial court explained:

In regards to [Appellant's] status as a well-respected physician in this community, the court found that fact to be an aggravating circumstance. *See* N.T. Sentencing Hr'g at 91-93. We explained in some detail our reasoning for that conclusion. *Id.* It was well

---

[6] The trial court imposed minimum sentences in the standard guideline ranges for furnishing alcohol to minors, administration of a controlled substance by practitioner, and unauthorized administration of an intoxicant. The sentences for rape, attempted rape, and IDSI were within the aggravated guideline ranges.

within this court's discretion to conclude this very fact constituted an aggravating circumstance, rather than a mitigating circumstance.

\* \* \*

We duly considered [the sentencing guidelines], and when measured against the acts [Appellant] committed, we found the standard range to be inadequate to fulfill our duty under 42 Pa.C.S. § 9721(b) . . . .

\* \* \*

[Appellant's] true complaint is that this court did not give more weight to [Appellant's] lack of involvement in the criminal justice system. After presiding over an 8-day jury trial, reviewing the PSI, reviewing the pre-sentence memoranda filed by counsel, and after considering 3 hours of sentencing testimony and statements, it was within our broad sentencing discretion to accord [Appellant's] lack of prior criminal history the weight we did. Lack of prior criminal history is not some talisman that a person duly convicted of very serious criminal offenses can hoist as a shield against properly serious and weighty penalties. We weighed [Appellant's] lack of criminal record, along with all the other mitigating factors brought to our attention, and found it wanting as against the acts committed.

Considering [Appellant's] victimization of multiple individuals, one of which was a minor, his status as a community and medical leader, and his special position of trust as a medical provider, this court believes [Appellant's] arguments regarding the minimum, length, and consecutive nature of the sentences imposed to be without merit. We exercised appropriate discretion and fashioned sentences with due regard for the protection of the public, the effect of the offenses on the victims and the community, and on the rehabilitative needs of [Appellant].

Trial Ct. Op., 4/11/18, at 13-14, 16, 22 (some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. **See Raven**, 97 A.3d at 1253. In addition to ordering a PSI report, the record reflects that the trial court expressly considered the

- 11 -

required sentencing factors, including Appellant's lack of criminal history and his career as a well-respected physician who was in a position of trust within the community. *See* N.T. Sentencing Hr'g at 84-92. Ultimately, the trial court viewed Appellant's role as a physician as a factor that "enabled" him to sexually assault the victims, *see id.* at 92-93, and imposed the sentences for rape, attempted rape, and IDSI within the aggravated guideline range. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023) (stating that "all the Sentencing Code requires is that the court **consider** all of the relevant factors when imposing the sentence" (citation omitted and emphasis added)); *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that an appellate court cannot reweigh the sentencing factors and impose its judgment in place of the sentencing court's where the sentencing court was fully aware of all mitigating factors).

Under these circumstances, we have no basis to conclude that the trial court abused its discretion in imposing Appellant's sentence. *See Edwards*, 194 A.3d at 637; *see also Brown*, 249 A.3d at 1216 (noting that a defendant is not entitled to a "'volume discount' on his multiple convictions by the imposition of concurrent sentences" (citations omitted)). Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023